UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLORIA MORGAN,

    Plaintiff,

v.

NAPLES LAND YACHT
HARBOR, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Gloria Morgan ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendant, Naples Land Yacht Harbor, Inc. ("HOA"), and alleges as follows:

### INTRODUCTION

1. This is an action for violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et seq. ("FHA"), and the Florida Fair Housing Act, Fla. Stat. §§ 760.20 et seq. ("FFHA").

2. Plaintiff is an individual with disabilities who resides in a mobile home community governed by Defendant. Defendant discriminated against Plaintiff on the basis of her disability by, among other things: (a) imposing discriminatory terms, conditions, privileges, or

services and facilities; (b) failing to permit a reasonable accommodation for her service animals; (c) making discriminatory advertising, statements, and notices; and (d) engaging in discriminatory harassment and creating a hostile housing environment.

3. On July 18, 2025, Plaintiff filed a complaint with the Florida Commission on Human Relations ("FCHR") alleging these violations.

4. On October 24, 2025, the FCHR issued a Determination of Cause, finding reasonable cause to believe that Defendant violated the FFHA. Plaintiff now brings this civil action to enforce her rights under federal and state law.

## JURISDICTION, VENUE, AND PARTIES

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a), as this action arises under the FHA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Collier County, Florida, which is within the

Middle District of Florida, Fort Myers Division. The subject property is located at 100 Pier H, Naples, Florida 34112.

7. Plaintiff is an individual residing at 100 Pier H, Naples, FL 34112. She has disabilities, including conditions that substantially limit one or more major life activities, and qualifies as a person with a "handicap" under 42 U.S.C. § 3602(h) and a "disability" under Fla. Stat. § 760.22(7).

8. Defendant is a Florida corporation that operates the mobile home community at Naples Land Yacht Harbor ("Community"), located in Naples, Florida. The Community is a "dwelling" within the meaning of 42 U.S.C. § 3602(b) and Fla. Stat. § 760.22(6).

## FACTUAL ALLEGATIONS

9. In September 2024, Plaintiff purchased and began occupying her mobile home at 100 Pier H in the Community.

10. Plaintiff has disabilities that require the assistance of a service animal(s).

11. On or about February 13, 2025, Plaintiff emailed the Community's agent (Jenny Shusta, the Community's Rules Director) requesting a reasonable accommodation to keep her two service animals,

Molly and Goldie, and provided supporting medical documentation from her physician, Dr. Susan Jung Lee.

12. Dr. Lee's letter confirmed Plaintiff's disabilities, the necessity of the animals for mental stability and medication reminders, and that the animals were service animals. Plaintiff also provided veterinary records.

13. Defendant acknowledged receipt of the request and documentation on February 14, 2025, but unreasonably delayed processing it.

14. On February 24, 2025, Shusta emailed Plaintiff stating there were "questions" with the documentation and that the animals could not enter the Community until "completely vetted." Defendant did not specify deficiencies or request clarifications.

15. The HOA's Assistance Animal Policy required, after approval, DNA samples and at least $5,000 in liability insurance, with non-compliance potentially leading to withdrawal of the accommodation. This policy violated the FHA and FFHA by imposing discriminatory conditions on individuals with disabilities.

16. Plaintiff inquired about the status on April 23, 2025, but received no response.

17. Plaintiff also received harassing notes, including one in May 2025 stating "NO PETS ALLOWED IN NLYH" and threatening jail for her alleged misrepresentation about the status of her disability and need for a service animal.

18. Plaintiff reported this to Defendant on May 16, 2025, noting health deterioration and hospitalization due to stress. A police report from May 25, 2025, documented the harassment.

19. On May 27, 2025, the Community's Board Secretary acknowledged the complaints but took no action, advising Plaintiff to contact law enforcement.

20. As of June 1, 2025, Plaintiff continued to face harassment and threats regarding her service animals from Shusta and neighbors.

21. In retaliation for Plaintiff exercising her federal and Florida statutory rights, on June 1, 2025, Shusta issued a violation notice for signage on Plaintiff's property (surveillance signs), threatening daily fines, despite the Community's non-enforcement of similar signs on other properties in the Community.

22. On July 17, 2025, Defendants' counsel demanded removal of an alleged "unauthorized pet" (a third dog), threatening $200 daily fines up to $5,000. There was never any evidence of a third dog. In fact, Molly, one of Plaintiff's animals, had been euthanized on June 18, 2025, leaving only one service animal.

23. Defendant selectively enforced rules against Plaintiff, ignoring similar violations by non-disabled residents (e.g., signage, flags). Witnesses, including Penny Schellenberg, confirmed overhearing Shusta express intent to "get [Plaintiff] out of the park" due to her service animals.

24. Defendant's actions created a hostile environment, interfering with Plaintiff's use and enjoyment of her home, causing emotional distress, health deterioration, and fear.

25. Defendants never approved Plaintiff's accommodation request, despite sufficient documentation.

26. The FCHR's investigation confirmed Plaintiff's disability, the necessity of the accommodation, and Defendants' violations. A copy of the FCHR's Notice of Determination is attached hereto as Exhibit A.

27. As a direct result of Defendant's violations of federal and Florida law (as set forth above), Plaintiff suffered damages, including emotional distress, humiliation, health impacts, and out-of-pocket expenses.

28. Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

29. All conditions precedent to the relief requested herein have been met, waived, or satisfied.

### **COUNT I: DISCRIMINATORY TERMS AND CONDITIONS**
(Violation of 42 U.S.C. § 3604(b))

30. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

31. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of her dwelling, or in the provision of services or facilities, because of her handicap. This includes selective enforcement of rules (e.g., signage, noise), imposition of discriminatory policies (e.g., DNA testing, insurance), and disparate treatment compared to non-disabled residents.

32. Defendants' actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT II: DISCRIMINATORY TERMS AND CONDITIONS
(Violation of Fla. Stat. § 760.23(2))

33. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

34. Defendant discriminated against Plaintiff in the terms, conditions, or privileges of her dwelling, or in the provision of services or facilities, because of her disability. This includes selective enforcement of rules (e.g., signage, noise), imposition of discriminatory policies (e.g., DNA testing, insurance), and disparate treatment compared to non-disabled residents.

35. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT III: HOSTILE ENVIRONMENT HARASSMENT
(Violation of 42 U.S.C. § 3617)

36. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

37. Defendant coerced, intimidated, threatened, or interfered with Plaintiff's exercise of her fair housing rights because of her handicap. This includes repeated violation notices, threats of fines, failure to address resident harassment (e.g., notes, public comments), and expressions of intent to remove Plaintiff from the Community.

38. The harassment was severe and pervasive, creating a hostile environment that interfered with Plaintiff's use and enjoyment of her home. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT IV: HOSTILE ENVIRONMENT HARASSMENT
(Violation of Fla. Stat. § 760.37)

39. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

40. Defendant coerced, intimidated, threatened, or interfered with Plaintiff's exercise of her fair housing rights because of her disability. This includes repeated violation notices, threats of fines, failure to address resident harassment (e.g., notes, public comments), and expressions of intent to remove Plaintiff from the Community.

41. The harassment was severe and pervasive, creating a hostile environment that interfered with Plaintiff's use and enjoyment of her home. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT V: FAILURE TO GRANT REASONABLE ACCOMMODATION
(Violation of 42 U.S.C. §§ 3604(f)(2), (f)(3)(B))

42. Plaintiff realleges paragraphs 1-22 as if fully set forth herein.

43. Defendant discriminated against Plaintiff by refusing to make a reasonable accommodation in rules, policies, practices, or services necessary to afford her equal opportunity to use and enjoy her dwelling because of her handicap. Plaintiff requested permission for her service animals, supported by medical documentation confirming her handicap and the necessity of the animals.

44. Defendant unreasonably delayed and effectively denied the request by imposing unlawful requirements (e.g., pre-approval

insurance, DNA testing) and failing to respond timely. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT VI: FAILURE TO GRANT REASONABLE ACCOMMODATION
(Violation of Fla. Stat. §§ 760.23(8), (9)(b))

45. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

46. Defendant discriminated against Plaintiff by refusing to make a reasonable accommodation in rules, policies, practices, or services necessary to afford her equal opportunity to use and enjoy her dwelling because of her disability.

47. Plaintiff requested permission for her service animals, supported by medical documentation confirming her disability and the necessity of the animals.

48. Defendant unreasonably delayed and effectively denied the request by imposing unlawful requirements (e.g., pre-approval insurance, DNA testing) and failing to respond timely.

49. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT VII: DISCRIMINATORY STATEMENTS AND ADVERTISEMENTS
(Violation of 42 U.S.C. § 3604(c))

50. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

51. Defendant made, printed, or published statements or advertisements with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on handicap. This includes the Assistance Animal Policy and emails requiring DNA testing, insurance, and other conditions applicable only to individuals with handicaps seeking accommodations.

52. Plaintiff read and was affected by these statements, which confirmed Defendant's discriminatory intent.

53. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

### COUNT VIII: DISCRIMINATORY STATEMENTS AND ADVERTISEMENTS
(Violation of Fla. Stat. § 760.23(3))

54. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

55. Defendant made, printed, or published statements or advertisements with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on disability. This includes the Assistance Animal Policy and emails requiring DNA testing, insurance, and other conditions applicable only to individuals with disabilities seeking accommodations.

56. Plaintiff read and was affected by these statements, which confirmed Defendant's discriminatory intent.

57. Defendant's actions were intentional and willful, causing Plaintiff harm.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 10, 2025.

        Respectfully submitted,

         /s/ Jeremy D. Bailie
        Jeremy D. Bailie
        Florida Bar No. 118558
        Weber, Crabb & Wein, P.A.
        5453 Central Avenue
        St. Petersburg, Florida 33710
        Telephone: (727) 828-9919
        Facsimile: (727) 828-9924
        Primary: Jeremy.Bailie@webercrabb.com
        Secondary: honey.rechtin@webercrabb.com
        natalie.deacon@webercrabb.com
        *Attorneys for Plaintiff*